**Herman JOHNSON, Plaintiff,**

**v.**

**James R. SCHLESINGER, Secretary of Defense, et al., Defendants.**

**No. 75-0032-CIV-3.**

United States District Court,
E. D. North Carolina,
Fayetteville Division.

July 22, 1975.

## ORDER

DUPREE, District Judge.

Plaintiff filed a complaint seeking a writ of habeas corpus prohibiting his prosecution by military authorities on charges arising from an alleged drug transaction off base. The complaint further prays for damages in excess of $10,000 resulting from plaintiff's alleged unlawful incarceration pending disposition of the charges in accordance with procedures under the Uniform Code of Military Justice. 10 U.S.C. §§ 801–940 (1970). The case was heard on plaintiff's motion for a preliminary injunction

680

against the summary court-martial. At the hearing, counsel for the defense orally moved for dismissal of the action. After consideration of the pleadings, briefs for both sides, and argument of counsel the court holds that insufficient facts are alleged to justify the exercise of its extraordinary equitable powers, and that accordingly the complaint must be dismissed.

Briefly the facts are as follows. Plaintiff is a member of the United States Army presently stationed at Fort Bragg, North Carolina. On May 9, 1975, the plaintiff was arrested by a C.I.D. agent on a charge of possession and transfer of cocaine. The alleged underlying transaction was between plaintiff and another serviceman although neither of the servicemen at the time of the alleged sale was on-duty or in uniform. The alleged sale was at plaintiff's residence off-base in the civilian community of Cumberland County. Plaintiff has been confined in the stockade at Fort Bragg since May 10, 1975, and has been unsuccessful in securing his pre-trial release through military channels. His court-martial is scheduled to commence two days hence.

■ Plaintiff argues that these facts clearly demonstrate that the alleged offense was not "service-connected" so that the military has no jurisdiction to prosecute, citing *O'Callahan v. Parker*, 395 U.S. 258, 89 S.Ct. 1683, 23 L.Ed.2d 291 (1969), and *Relford v. United States Disciplinary Commandant*, 401 U.S. 355, 91 S.Ct. 649, 28 L.Ed.2d 102 (1971). However, faced with closely similar facts, the Supreme Court has more recently held that the "service-connectedness" issue should not be addressed in the federal district court on a motion of a serviceman to enjoin his summary court-martial. *Schlesinger v. Councilman*, 420 U.S. 738, 95 S.Ct. 1300, 43 L.Ed.2d 591 (1975). Plaintiff, however, argues that *Councilman* is not controlling inasmuch as the plaintiff herein is presently incarcerated and is, therefore, suffering irreparable injury found lacking in *Councilman*. The distinction is not persuasive and this court must deny relief until the legal and factual questions of service-connection have been litigated before the military tribunal.

■ It is true that the Supreme Court left open in *Councilman* the possibility that equitable intervention into military procedure would be warranted under certain circumstances. However, the court was careful to note that the bringing of charges against civilians as in *Toth v. Quarles*, 350 U.S. 11, 76 S.Ct. 1, 100 L.Ed. 8 (1955), presents an entirely different circumstance than the bringing of charges against a soldier who is clearly subject to military authority. Where there is no manifest total lack of jurisdiction, this court must assume that the military authorities will be mindful of and heed constitutional limitations on their own jurisdiction. This court will certainly not surmise that military officials will abuse the constitutional rights of the plaintiff. The fact that plaintiff is yet incarcerated, such incarceration having been reviewed by military personnel independent of the charging officer, does not indicate to the contrary. Neither is the fact that no bail provision is available persuasive. *Dooley v. Ploger*, 491 F.2d 608, 610 (4th Cir. 1974).

Accordingly, since there is no ground to warrant the intervention of this court into the military proceedings, the complaint should be dismissed. This dismissal is on equitable grounds since it is true that subject matter jurisdiction lies. *See Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971).

It is, therefore,

Ordered that the motion for preliminary injunctive relief be and hereby is denied, and that the complaint be and hereby is dismissed.